**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTIAN SERBAN, | No. 11-72800 |
| Petitioner, | Agency No. A094-772-229 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Cristian Serban, a native and citizen of Romania, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review de novo claims of due process violations. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Serban's credible fear interview, his asylum application statement, and his testimony regarding the 1996 incident in which Serban was accused of hitting a man with a car. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). In the absence of credible testimony, Serban's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We reject Serban's contention that the IJ violated his due process rights by cross-examining him. *See Antonio-Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir. 1998). We lack jurisdiction to consider Serban's contention that the IJ violated his due process rights by failing to provide notice and an opportunity to obtain corroborating evidence, because he failed to exhaust this contention before the BIA. *See Barron*, 358 F.3d at 678.

Finally, we do not reach the question of whether the IJ erred in determining that Serban had been convicted of a particularly serious crime. *See Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000) ("[T]his court cannot affirm the BIA on a ground upon which it did not rely.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**